UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FREITAG,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO HARBOR POLICE; ROBERT PADILLA, Badge # 5311,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-2999 - IEG (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING IN PART COMPLAINT;**<br><br>[Doc. No. 1]<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3); AND**<br><br>**(4) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

　　　Plaintiff commenced this action on December 16, 2011 against the City of San Diego Harbor Police and Officer Robert Padilla, Badge # 5311 alleging that they violated his civil rights. [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. [Doc. Nos. 2-3.] Having considered Plaintiff's

submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, **DISMISSES IN PART** Plaintiff's complaint, **ORDERS** the U.S. Marshal to effect service of Plaintiff's complaint, and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel.

### BACKGROUND

**A.     Factual Background**

The following allegations are taken from the complaint. On October 30, 2010, Plaintiff was on a fishing pier when he was assaulted by four men. [Doc. No. 1, Compl. at 1.] Plaintiff called 911, and the Harbor Police responded to his call with Defendant Padilla as the lead officer. [Id.] When the Harbor Police arrived, they told Plaintiff to get down on the ground. [Id.] Plaintiff complied with their request, and the officers handcuffed him. [Id.] Plaintiff told the officers what happened, and the officers told him that he still needed to be handcuffed. [Id.] The officers then talked to other witnesses, and at this time, Plaintiff began to experience chest pains. [Id.] After about thirty minutes, the officers placed Plaintiff in the back of a squad car, and then took him out of that car and placed him in a different squad car. [Id.] Plaintiff states that this hurt his shoulders and back due to his heavy weight. [Id.]

The officers charged Plaintiff with petty theft and brandishing a deadly weapon and gave him a notice to appear at the county superior court on December 28, 2010. [Compl. at 2, 4.] Plaintiff admits that during the altercation with the men he had a knife for cutting bait, which he used to make the men back off when they began to approach him. [Id.] Plaintiff also states that one of the men had an ear piece that fell out during the altercation. [Id.] Plaintiff admits that he took the ear piece and put it near his belongings as the men were leaving. [Id.]

**B.     Related Proceedings**

On November 22, 2011, Plaintiff filed a previous complaint against City of San Diego Harbor Police Officers Roberto Padilla, # 5311, and Michael Rich, # 2814, related to his interaction with them on the fishing pier. See Freitag v. Padilla, 11-cv-2725 (S.D. Cal., filed Nov. 22, 2011). In that case, the Court dismissed Plaintiff's complaint and his first amended complaint as frivolous and for failure to state a claim and granted Plaintiff leave to file a second amended complaint. See id. (Orders filed Dec. 1, 2011 and Dec. 19, 2011).

1 **DISCUSSION**

2 **I.  MOTION TO PROCEED *IN FORMA PAUPERIS***

3 All parties instituting any civil action, suit, or proceeding in a district court, except an
4 application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a).
5 However, an action may proceed despite failure to pay the filing fee if the party is granted an *in*
6 *forma pauperis* ("IFP") status.  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  The
7 Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
8 or give security therefor.  28 U.S.C. § 1915(a).

9 In the present case, having reviewed Plaintiff's motion and declaration in support of the
10 motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
11 filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court
12 **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

13 **II.  INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

14 **A.  Legal Standards**

15 After granting IFP status, the Court must dismiss the case if the complaint "fails to state a
16 claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); see also Lopez
17 v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
18 only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails
19 to state a claim).  In order to properly state a claim for relief, "a complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.
21 Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain more than "labels and
22 conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual
23 allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v.
24 Twombly, 550 U.S. 544, 555 (2007).  "'The pleading must contain something more . . . than . . . a
25 statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id.
26 A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke
27 v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith,
28 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or

statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under <u>Neitzke</u>, and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915. <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     42 U.S.C. § 1983 Claims**

Plaintiff appears to be bringing causes of action against the Defendants for unlawful arrest, excessive force, and violation of his due process rights pursuant to 42 U.S.C. § 1983.[1]  Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of violated a right secured by the Constitution and laws of the United States; and (2) the conduct he complains of was committed by a person acting under color of state law.  <u>Humphries v. Cnty. of Los Angeles</u>, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)).

i.      § 1983 Claims Against Defendant City of San Diego Harbor Police

Plaintiff names as a Defendant, the City of San Diego Harbor Police. [Compl.]  However, a local police department is not a "person" within the meaning of section 1983. <u>Robbins v. City of San Diego Police Dep't</u>, 2010 U.S. Dist. LEXIS 22230, at *6 (S.D. Cal. Mar. 8, 2010) ("An agency or department of a municipality is not a proper defendant under section 1983." (citing <u>Vance v. Cnty. of Santa Clara</u>, 928 F. Supp. 993, 996 (N.D. Cal. 1996)); <u>see also</u> <u>United States v. Kama</u>, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."). Therefore, Plaintiff's section 1983 claims cannot proceed against the City of San Diego Harbor Police.

Further, even if the Court were to construe Plaintiff's allegations liberally, and assume that

---

[1] Plaintiff also cites to 28 U.S.C. § 2672, 42 U.S.C. § 20009, 42 U.S.C. § 132098(a)(b), and 22 C.F.R. § 42.65 in his complaint. [Compl. at 3.]  42 U.S.C. § 20009 and 42 U.S.C. § 132098(a)(b) are not actual statutes in existence in the United States Code, and both 28 U.S.C. § 2672 and 22 C.F.R. § 42.65 are inapplicable to the present case.  22 C.F.R. § 42.65 relates to the supporting documents that an alien is required to submit when applying for a visa.  <u>See</u> 22 C.F.R. § 42.65(b).  28 U.S.C. § 2672 governs claims brought pursuant to the Federal Torts Claims Act, but Plaintiff is not suing the United States or any federal employees or federal entities.

Plaintiff meant to sue the City of San Diego instead, his allegations are still insufficient to state a claim for relief. A local government may be held liable under section 1983 only if the plaintiff can demonstrate that the government's official policy or custom was the "moving force" responsible for the infliction of his injuries. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Plaintiff's complaint contains no allegations showing the existence of any custom or widespread policy by the City of San Diego Harbor Police that caused his alleged injuries. Plaintiff's allegations are only related the incident between himself and the police officers that occurred on October 30, 2010. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's section 1983 claims against the City of San Diego Harbor Police.

    ii.  Unlawful Arrest Claim Against Defendant Padilla

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, '[m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" Id. (quoting McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir. 1984)). "Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." Edgerly v. City & Cnty. of San Francisco, 599 F.3d 946, 954 (9th Cir. 2010) (citing Devenpeck v. Alford, 543 U.S. 146, 153-55 (2004)). "Probable cause, however, must still exist under some specific criminal statute." Id.

Plaintiff alleges that he was arrested for petty theft in violation of California Penal Code §§

1  484(a), 488 and brandishing a deadly weapon in violation of California Penal Code § 417(a)(1).
2  [Compl. at 2, 4.] California Penal Code § 484(a) provides: "Every person who shall feloniously
3  steal, take, carry, lead, or drive away the personal property of another . . . is guilty of theft."
4  Plaintiff admits in his complaint that he was arrested because during the altercation with the men,
5  he took an ear piece that belonged to one of the men and placed it with his own belongings as the
6  men were leaving. [Compl. at 2.] These allegations establish that Defendant Padilla had probable
7  cause to arrest Plaintiff for petty theft. Accordingly, Plaintiff has failed to state a claim for
8  unlawful arrest, and the Court **DISMISSES WITH PREJUDICE** Plaintiff's unlawful arrest claim.

9         iii.    Excessive Force and Due Process Claims Against Defendant Padilla

10  Plaintiff alleges that Defendant Padilla violated his right to be free from excessive force
11  when the officers handcuffed him and placed him in the back of a squad car and then moved him to
12  the back of a different squad car causing him pain in his back and shoulders. [Compl. at 1.]
13  Plaintiff also appears to allege that Defendant Padilla violated his due process rights by depriving
14  him of his right to use a "public entity (fishing pier)" for the night. [Id. at 2-3.] Based on the
15  allegations in the complaint, the Court declines to *sua sponte* dismiss Plaintiff's claim for excessive
16  force and Plaintiff's due process claim. Accordingly, Plaintiff may proceed on these two claims
17  against Defendant Padilla.

18     **C.**    **State Law Tort Claims**

19  Plaintiff appears to also be bringing state law tort claims against the Defendants. [Compl. at
20  3.] Under the California Tort Claims Act, a plaintiff may not maintain an action for damages
21  against a public entity or a public employee unless he timely files a notice of tort claim. CAL.
22  GOV'T CODE §§ 905, 911.2, 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d
23  1470, 1477 (9th Cir.1995) ("The California Tort Claims Act requires, as a condition precedent to
24  suit against a public entity, the timely presentation of a written claim and the rejection of the claim
25  in whole or in part."). "Compliance with the claims statutes is mandatory; and failure to file a
26  claim is fatal to the cause of action." City of San Jose v. Sup. Ct, 12 Cal. 3d 447, 454 (1974)
27  (citation omitted). "Complaints that do not allege facts demonstrating either that a claim was
28  timely presented or that compliance with the claims statute is excused are subject to a general

demurrer for not stating facts sufficient to constitute a cause of action." Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007); accord. Mangold, 67 F.3d at 1477. Plaintiff does not allege in his complaint that he has complied with the California Tort Claims Act by timely filing a notice of tort claim with the appropriate entities. Therefore, all of Plaintiff's state tort law causes of action against Defendants should be dismissed for failure to state a claim. See Shirk, 42 Cal. 4th at 209; Mangold, 67 F.3d at 1477.

Further, under California law a public entity is not liable for a claim brought by a plaintiff unless liability is provided for by statute or required by the state or federal constitution. CAL. GOV. CODE § 815; Lundeen Coatings Corp. v. Dep't of Water & Power, 232 Cal. App. 3d 816, 832 (1991); see also Munoz v. City of Union City, 148 Cal. App. 4th 173, 182 (2004) ("'[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care.'"). Therefore, in order to state a cause of action for government tort liability, every fact essential to the existence of statutory liability must be plead with particularity, including the existence of a statutory duty. Zuniga v. Housing Auth., 41 Cal. App. 4th 82, 96 (1995) abrogated on other grounds by Zelig v. Cnty. of Los Angeles, 27 Cal. 4th 1112 (2002). Plaintiff does not identify in the complaint what statute or statutes establish the City of San Diego Harbor Police's liability. Therefore, Plaintiff's state law claims against the City of San Diego Harbor Police should also be dismissed on this basis. See Zuniga, 41 Cal. App. 4th at 96. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

### III. SERVICE PURSUANT TO 28 U.S.C. § 1915(d)

Because Plaintiff's complaint appears to state a claim against Defendant Padilla for violation of his right to be free from excessive force and violation of his due process rights, these two claims survive the Court's *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2). See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Accordingly, the Court finds that Plaintiff is entitled to U.S. Marshal service on his behalf. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); FED. R. CIV. P. 4(c)(3). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that

the defendant may choose to bring." Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. MOTION FOR APPOINTMENT OF COUNSEL

In addition to his complaint, Plaintiff has also filed a motion for appointment of counsel. [Doc. No. 3.] However, the Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's complaint does not appear to raise particularly complex legal issues, and Plaintiff has been able to sufficiently articulate the factual basis for his claims. In addition, it is difficult to access the merits of Plaintiff's action at this early stage, and, therefore, the Court cannot conclude that Plaintiff is likely to succeed on his claims. Accordingly, the Court **DENIES** Plaintiff's motion without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES IN PART** Plaintiff's complaint for failure to state a claim upon which relief can be granted. Specifically, the Court:

1. **DISMISSES WITH PREJUDICE** Plaintiff's 42 U.S.C. § 1983 claims against Defendant City of San Diego Harbor Police;

2. **DISMISSES WITH PREJUDICE** Plaintiff's unlawful arrest claim;

    3.    **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel. Plaintiff may proceed on his claims for excessive force and due process violations against Defendant Padilla. The Court **ORDERS** as follows:

    1.    The United States Marshal shall serve a copy of the complaint, summons and this Order granting Plaintiff leave to proceed *in forma pauperis* upon Defendants as directed by plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

    2.    Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the defendants or counsel of defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

**DATED:** January 18, 2012

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**